**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ARTHUR McDANIELS,

    Petitioner,

v.                                                 Case No. 8:13-cv-1813-T-27AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner Arthur McDaniels, a prisoner in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 4). Petitioner challenges his convictions entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in 2008. Respondent filed a response (Dkt. 9), in which it concedes the petition's timeliness. Petitioner did not file a reply. Upon review, the petition must be denied.

**PROCEDURAL HISTORY**

A jury convicted Petitioner of trafficking in cocaine (count one) and possession of drug paraphernalia (count two). (Dkt. 11, Ex. 1, p. 48.) He was sentenced to ten years in prison on count one and time served on count two. (Id., pp. 54-59.) The state appellate court *per curiam* affirmed his convictions and sentences. (Dkt. 11, Ex. 4.)

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 11, Ex. 6.) After conducting an evidentiary hearing, the state court denied his motion. (Dkt. 11, Exs. 8, 9.) The state appellate court *per curiam* affirmed the denial. (Dkt. 11, Ex. 14.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster,* _U.S._, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

The state appellate court's *per curiam* affirmance of the denial of Petitioner's postconviction claims warrants deference under Section 2254(d)(1) because "the summary nature of a state court's

decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby,* 538 U.S. 906 (2003). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Petitioner bears the burden of overcoming by clear and convincing evidence a state court's factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Review of the state court decision is limited to the record that was before the state court. *Pinholster,* 131 S. Ct. at 1398.

### EXHAUSTION AND PROCEDURAL DEFAULT

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if

review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358.  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).  The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999).  *See also Murray v. Carrier*, 477 U.S. 478

(1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In order to show deficient performance,

a petitioner must demonstrate that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Petitioner must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To show prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Counsel's strategic choices "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. A petitioner cannot meet his burden merely by showing that counsel's choices were unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*,

218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). *See also Pinholster*, 131 S. Ct. at 1410 (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.").

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## DISCUSSION

**Ground One**

Petitioner argues that counsel was ineffective for failing to call Tina Reed as a defense witness at trial. Petitioner's case involved a "buy-bust" operation. Reed was an informant working with the Tampa Police Department. She asked Petitioner's co-defendant, Leroy Ellis, to bring $250 of cocaine to a room at a Motel 6 on Fowler Avenue in Tampa, Florida. (Dkt. 11, Ex. 1, Vol. II, pp. 87-88.) Both Ellis and Petitioner arrived at the motel room, inside of which Reed and undercover officer Margo Fergusson were waiting. (Id., pp. 90, 104-08.) Ellis walked into the room first and

Petitioner entered the room behind him. (Id., pp. 108-09.) Ellis immediately proceeded to the bathroom inside the motel room. (Id., pp. 91-92, 109.) Other officers hiding inside the bathroom detained Ellis. (Id., p. 92.)

At about the same time, Fergusson restrained Petitioner near the door to the hotel room. (Id., pp. 92, 110-11.) Officer Michael Fisher assisted in actually bringing Petitioner to the ground. (Id., pp. 111-12.) Both Fergusson and Fisher testified that cocaine was on the ground near the location where Fergusson was holding Petitioner. (Id., pp. 93, 112.) Fergusson testified that the time between Ellis and Petitioner entering the room and police effectuating a "takedown" of Petitioner was approximately one minute. (Dkt. 11, Ex. 1, Vol. II, pp. 119-20.) Fergusson further testified that she did not see anything on the ground before Petitioner and Ellis entered the room. (Id., p. 112-13.)

Petitioner asserts that he had no involvement with or knowledge of the drugs. Rather, he argues, he went to the motel room because Ellis told him he could meet a prostitute there. Petitioner states that it was Ellis who brought cocaine into the room, and that Reed's testimony would have supported his theory that the drugs were not his.

When Petitioner raised this claim in his postconviction motion, the state court held an evidentiary hearing on it. Petitioner testified that Reed would have stated that she arranged the deal with Ellis, and that Petitioner did not have any drugs, did not throw any drugs, and did not make any sudden moves. (Dkt. 11, Ex. 8, pp. 72, 73, 75, 86.) Petitioner also believed that Reed's testimony would have corroborated Fergusson's trial testimony that she did not see Petitioner drop or throw anything in the room. (Id., pp. 70-71.) Petitioner stated that Reed told him she would say the drugs were not his, and that he informed counsel he needed Reed to testify. (Id., p. 88.) Petitioner also acknowledged, however, that Reed stated during a pre-trial hearing that she invoked her Fifth

Amendment privilege, that she refused to give a deposition in the case, and that she was not willing to testify for the State, Petitioner, or Ellis. (Id., p. 87.)[1]

Counsel testified at the evidentiary hearing that Petitioner did not tell him he wanted Reed to testify or that Reed could testify that Petitioner did not bring the cocaine into the motel. (Id., p. 99.) Counsel further testified that he had no knowledge from his investigation that Reed could be a favorable witness. (Id.)

In denying this claim, the state court summarized Petitioner's argument and found:

At the hearing, Ms. Reed did not testify. Defendant admitted that Ms. Reed pled the [F]ifth and was not going to help him. Therefore, the Court finds Defendant did not present any admissible evidence that would have changed the outcome of his trial. The Court finds Defendant cannot demonstrate prejudice. **As such, no relief is warranted.**

(Dkt. 11, Ex. 9, p. 38) (court's record citation omitted) (emphasis in original).

As the state court noted, Reed did not testify at the evidentiary hearing. Petitioner presents no other evidence to support his contention that Reed would have testified at trial as he suggests. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted). Therefore, Petitioner's claim is too speculative to provide relief. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'")

---

[1] Although the record is not clear, it appears that Reed may have been charged in connection with this offense or another matter.

(quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir.1985)). *See also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  In addition, Petitioner conceded that Reed refused to cooperate in this case.  Accordingly, the record supports the state court's conclusion that Petitioner failed to demonstrate prejudice as a result of counsel's performance.

Petitioner does not show that the state court's finding was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts.  Consequently, he is not entitled to relief on Ground One.

**Ground Two**

Petitioner asserts that counsel was ineffective for failing to file a motion to suppress the cocaine.  In support, Petitioner claims that he was not in actual or constructive possession of the cocaine and that the police had no basis to arrest him without a warrant.  Petitioner raised this claim of ineffective assistance of counsel in his postconviction motion.  At the evidentiary hearing, Petitioner testified that the drugs should have been suppressed because he did not have ready access to them and was "just visiting" the motel room.  (Dkt. 11, Ex. 8, p. 76.)  He further stated that the police found the drugs behind the motel room door, but that it took them five minutes to do so.  (Id., p. 78.)

Counsel testified at the evidentiary hearing that he did not believe Petitioner had standing to file a motion to suppress, and that Petitioner never admitted possession of the cocaine.  (Id., pp. 97, 98.)  He further testified that the case did not involve an illegal detention and that he saw "no vehicle" for a motion to suppress.  (Id., p. 97.)  Counsel denied that Petitioner informed him the officers did not find the cocaine until minutes after the arrest.  (Id., p. 96.)  Additionally, counsel

testified that because he did not believe a motion to suppress was a legal option, he instead filed a motion to dismiss. (Id., p. 108.)

The state court summarized Petitioner's claim and the evidentiary hearing testimony, and rejected his claim of ineffective assistance of counsel:

> After reviewing the allegations, the testimony, the court file, and the record, the Court finds the testimony of [counsel] to be more credible than that of Defendant. The Court finds [counsel] did not see a legal basis to file a motion to suppress. The Court finds there was no legal basis for a motion to suppress, and therefore, Defendant cannot demonstrate deficient conduct. **As such, no relief is warranted.**

(Dkt. 11, Ex. 9, p. 39) (court's record citation omitted) (emphasis in original).

The court's determination that counsel's testimony was credible is presumed correct. *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]."), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161 (1995). Counsel's credited testimony reflects his determination that no basis existed to seek suppression of the cocaine. Petitioner does not overcome this presumption of correctness by clear and convincing evidence.

Furthermore, to establish a claim of ineffective assistance of counsel for failing to file a motion to suppress, Petitioner must prove (1) that counsel's representation fell below an objective standard of reasonableness, (2) that he has a meritorious Fourth Amendment claim, and (3) that a reasonable probability of a different verdict exists absent the excludable evidence. *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Petitioner does not meet his burden. Even assuming Petitioner had standing to challenge the admissibility of the cocaine,[2] he fails to show a meritorious basis to suppress it. Petitioner merely claims that the cocaine should have been suppressed because it was not his and he did not have actual or constructive possession of it.[3] But Petitioner fails to establish how the seizure of the cocaine was constitutionally defective on this basis so as to render it inadmissible at trial. *See State v. Williams*, 538 So.2d 1346, 1348 (Fla. 4th DCA 1989) (actual or constructive possession of contraband did not qualify as a ground suitable for a pre-trial suppression motion because, rather than concerning suppression of evidence, the question of possession was an issue to be addressed at trial and challenged in a motion for judgment of acquittal).[4]

Moreover, while Petitioner refers to a warrantless search, he does not establish that suppression was required due to any impropriety in the way in which police obtained the cocaine. Contraband that is in plain view may be seized without a warrant where "(1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent." *United States v. Folk*, 754 F.3d 905, 911 (11th Cir. 2014) (quotations and citations omitted). *See also United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006). An item's incriminating nature is not immediately apparent if the police "lack probable cause to believe that

---

[2] To the extent the state court's order relied on counsel's testimony that he believed Petitioner had no standing to file a motion to suppress, Petitioner now asserts that he did have standing because he had a reasonable expectation of privacy in the motel room.

[3] Although Petitioner appears to allege his warrantless arrest was unlawful because police had no probable cause to believe he had either actual or constructive possession of the cocaine, he fails to establish either that his arrest was unlawful for this reason or that this argument would have provided valid grounds upon which to suppress the cocaine.

[4] Counsel moved for a judgement of acquittal. He discussed Florida law on actual and constructive possession and argued that the circumstantial evidence presented by the State was insufficient to establish guilt because it was not inconsistent with any reasonable hypothesis of innocence. (Dkt. 11, Ex. 1, Vol. II, pp. 134-38.)

an object in plain view is contraband without conducting some further search of the object." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). Fergusson testified that she was able to see a bag of cocaine on the ground as she was holding or restraining Petitioner. (Dkt. 11, Ex. 1, Vol. II, p. 112.) Based on her training and experience, she testified that she recognized the substance as cocaine. (Id.) Petitioner does not argue or show that the officers were not lawfully located in the motel room or did not have a right of access to the contraband.

Petitioner's failure to establish a meritorious basis for suppression of the cocaine supports the state court's finding that counsel was not ineffective for not filing a motion to suppress. Counsel cannot be deemed ineffective for failing to file a meritless motion. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Additionally, counsel's credited testimony reflects that because he did not believe a motion to suppress would be viable, he instead filed a motion to dismiss the charges. The motion to dismiss detailed the evidence in the case and argued that the State was unable to prove Petitioner was in actual or constructive possession of the drugs recovered. (Dkt. 11, Ex. 1, pp. 13-16.) Counsel thus used alternative means to challenge the State's case when he did not think grounds existed to file a motion to suppress.

Accordingly, Petitioner does not show that counsel's failure to file a motion to suppress fell below an objective standard of reasonableness. Petitioner does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in finding that he failed to show deficient conduct by counsel. Ground Two warrants no relief.

**Ground Three**

Petitioner claims that counsel was ineffective for misadvising him not to testify at trial. He claims that counsel misinformed him that the State would be able to bring up the nature of his

previous convictions if he testified. Under Florida law, a witness may be asked the number of his previous convictions for felony offenses or offenses involving dishonesty or a false statement. § 90.610(1), Fla. Stat. However, when a witness "attempts to mislead or delude the jury about his prior convictions, the witness is subject to further questioning concerning his convictions 'in order to negate any false impression given.'" *Pryor v. State*, 855 So.2d 134, 136 (Fla. 1st DCA 2003) (quoting *Fotopoulos v. State*, 608 So.2d 784, 791 (Fla. 1992)).

The trial transcript reflects that Petitioner initially decided not to testify. The court engaged him in a colloquy about his decision, after which it found Petitioner's choice to be free, knowing, and voluntary. (Dkt. 11, Ex. 1, Vol. II, p. 139-41.) Petitioner subsequently told the court that he wished to testify. At this point, the trial court informed Petitioner that the jury would only hear the number of his prior convictions, unless he was untruthful about that number. (Id., p. 148.) Following this discussion, the parties agreed that Petitioner had eight prior convictions. (Id., pp. 149-50.) However, Petitioner changed his mind and decided not to testify. He informed the court that he was sure about his decision, and that he had enough time to think about it. (Id., p. 150.) The court found Petitioner's decision to be freely, knowingly, voluntarily, and intelligently made. (Id., p. 151.)

Petitioner raised this claim of ineffective assistance of counsel in his postconviction motion. At the evidentiary hearing, Petitioner stated that he wanted to testify at trial so that the jury would hear why he went to the motel room. (Dkt. 11, Ex. 8, p. 80.) He stated that counsel privately informed him the State would address the nature of his prior charges if he testified. (Id., pp. 81, 89.)

Counsel testified, however, that he tells "every single" defendant that the State cannot ask the nature of the defendant's previous offenses. (Id., p. 101.) He further testified that he understood

this aspect of the law, and denied telling Petitioner that the jury would hear the nature or facts of his prior convictions if he chose to testify. (Id., pp. 101, 103-04.) Counsel testified that he informed Petitioner that whether to testify was Petitioner's decision. (Id., p. 103.)

The state court summarized Petitioner's argument and the evidentiary hearing testimony, and denied the claim:

> After reviewing the allegations, the testimony, the court file and the record, the Court finds the testimony of [counsel] to be more credible than that of Defendant. The Court finds [counsel] left the decision to testify up to Defendant and did not advise Defendant that the State could bring up the nature of his prior convictions. The Court finds Defendant cannot demonstrate deficient conduct. **As such, no relief is warranted.**

(Dkt. 11, Ex. 9, pp. 40-41) (court's record citation omitted) (emphasis in original).

Counsel testified that he did not provide inaccurate advice as alleged by Petitioner. The court's determination that counsel's testimony was credible is presumed correct. *See Baldwin*, 152 F.3d at 1316; *Devier*, 3 F.3d at 1456. Petitioner does not overcome this presumption of correctness by clear and convincing evidence. Therefore, because Petitioner does not show that counsel's performance was deficient, he does not demonstrate that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting his claim. Consequently, he is not entitled to relief on Ground Three.

It is therefore

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 4) is **DENIED**. The Clerk is directed to close this case and enter judgment against Petitioner.

It is further **ORDERED** that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability (COA). *Id*.

"A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made this showing. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _August 24th_, 2015.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:mh
Copy to:
*Pro se* Petitioner
Counsel of Record